**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Andrew Jermaine Bethea, #16866-171, | ) | Civil Action No. 9:10-672-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Officer Ira Deas; Officer Larry Turner; | ) | |
| Marlboro Bennettsville Police Dept.; | ) | |
| Supervising agents; State of South Carolina, | ) | |
| individually and officially, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Andrew Jermaine Bethea ("Plaintiff") is an inmate housed at a federal prison in Inez, Kentucky. Plaintiff filed this *pro se* complaint on March 15, 2010 pursuant to 42 U.S.C. § 1983. Entry 1. In the complaint, Plaintiff alleges that Defendants engaged in "outrageous Government conduct" in violation of his constitutional rights. Id. at 2. Plaintiff alleges that "Officers Ira Deas and Larry Turner, purposely and intentionally with malice and aforethought, sent a 'agent' (James Bethea) or 'informer' of the Bennettsville Police Department, to instruct the Plaintiff to break the law, by taking possession of a firearm." Id. at 7. Plaintiff requests $5,000,000 in punitive damages from Defendant Marlboro Bennettsville Police Department, $250,000 from the two individual Defendants, and $75,000 in actual damages from all Defendants. Id. at 9.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On March 23, 2010, the Magistrate Judge issued a

Report and Recommendation in which he recommended that this case be dismissed without prejudice. After reviewing the record, the Magistrate Judge discovered that Plaintiff was sentenced to a 180-month prison sentence after pleading guilty to being a felon in possession of a firearm (4:08-872-RBH) (D.S.C) and that Plaintiff's appeal of his judgment of conviction is pending before the United States Court of Appeals for the Fourth Circuit (No. 09-4333). The Magistrate Judge concluded that Plaintiff's complaint should be dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), since Plaintiff's complaint challenges matters that ultimately resulted in his conviction, which has not been overturned. Entry 8. Plaintiff's objection to the Report and Recommendation was filed on April 12, 2010. Entry 10.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The court has conducted a *de novo* review of the complaint and hereby concurs in the Magistrate Judge's recommendation that this case be dismissed without prejudice. Under Heck, "[w]hen a prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

2

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Here, a judgement in favor of Plaintiff would imply the invalidity of Plaintiff's conviction for being a felon in possession of a firearm. Because Plaintiff's conviction has not been overturned, Plaintiff's §1983 suit is barred by Heck.[1] Accordingly, Plaintiff's complaint is dismissed *without prejudice* and without issuance and service of process. The Magistrate Judge's Report and Recommendation is incorporated herein by reference.

    **IT IS ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

June 10, 2010
Columbia, South Carolina

---

[1] The court notes that at the time the Magistrate Judge issued his Report and Recommendation on March 22, 2010, Petitioner's appeal was pending before the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit issued an opinion in the matter on April 27, 2010 and entered its mandate and judgment vacating and remanding Petitioner's sentence on May 19, 2010. The Fourth Circuit held that Petitioner should not have been subjected to the ACCA's mandatory minimum fifteen-year sentence because Petitioner's prior escape conviction was not an ACCA predicate offense. The fact that Petitioner's sentence has been vacated and remanded to the district court does not change this court's ruling that the present case is barred by Heck because Petitioner brought this action challenging the underlying facts that resulted in his *conviction* for being a felon in possession of a firearm; the Fourth Circuit's opinion vacated Petitioner's *sentence* and not his *conviction*. Defendant's re-sentencing hearing is scheduled for July 1, 2010 before the Honorable Judge R. Bryan Harwell.

The court also notes that Petitioner filed a *pro se* motion to withdraw his guilty plea on May 19, 2010. That motion is pending before the Honorable Judge R. Bryan Harwell.